IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRACIANO VELEZ,                )
                               )
            Plaintiff,         )
                               )
    v.                         )        1:18CV917
                               )
ESTHER REBECA LUZON COLON      )
                               )
            Defendant.         )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before the court is Defendant Esther Rebeca Luzon Colon's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue and/or Motion to Transfer Venue under 28 U.S.C. § 1406(a). (Doc. 8.)[1] The motion was made pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff, appearing pro se, filed a response, (Doc. 15), to which Defendant filed a

---

[1] Despite Plaintiff's contention to the contrary, (Pl.'s Motion to Deny Def.'s Motion to Dismiss ("Pl.'s Resp.") (Doc. 15) at 3-4), filing a Rule 12 motion does not waive any defenses under that rule, including 12(b)(2), lack of personal jurisdiction. See Fed. R. Civ. P. 12(b).

reply, (Doc. 16). The issue is now ripe for ruling.[2] For the reasons described below, the court will grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff has moved to file a surreply, an amended complaint, and related requests for extensions. (Docs. 17, 21, 23, 29.) Defendant has responded by filing motions to strike and an objection to the filing of an amended complaint. (Docs. 18, 24, 30.) The proposed surreply fails to add facts sufficient to change the analysis set forth herein and will therefore be denied. Similarly, the proposed amended complaint fails to allege additional facts sufficient to establish personal jurisdiction as to Defendant and will also be denied.

---

[2] Plaintiff also filed a surreply to Defendant's reply. (Doc. 20.) Surreplies are not permitted without leave of the court. Madey v. Duke Univ., 413 F. Supp. 2d 601, 606 (M.D.N.C. 2006). Defendant filed a motion, (Doc. 18), to strike Plaintiff's surreply. The court, therefore, will not consider Plaintiff's surreply. Plaintiff also filed an amended complaint, (Doc. 23), after the time he could do so as a matter of course. See Fed. R. Civ. P. 15(a)(1). Defendant did not consent to the filing of an amended complaint and filed a Motion to Strike Plaintiff's Amended Complaint, (see Doc. 24). This court did not grant leave for Plaintiff to file an amended complaint. Nevertheless, this court has reviewed the pleadings, including the proposed amended complaint and the surreply. This court finds that, other than adding additional facts, such as correspondence in 2018 between Plaintiff and Defendant in relation to Plaintiff's allegations, more argument as to Federal law, the law of Puerto Rico and other largely irrelevant matters, none of these allegations alter the analysis set forth herein.

## I. FACTUAL BACKGROUND

Plaintiff is a citizen and resident of North Carolina. (Complaint ("Compl.") (Doc. 1) at 1.) Defendant is a citizen and resident of Mayaguez Mayaguez, Puerto Rico. (Id. at 2.) Defendant is an attorney and Notary Public in Puerto Rico. (Id.)

Fed. R. Civ. P. 8 requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) and (2). Plaintiff has failed in that regard here, as Plaintiff's filings contain a number of extraneous allegations including both unrelated facts and unnecessary legal argument. Nevertheless, the core facts of Plaintiff's claim and Defendant's actions do not appear to be significantly disputed. (Compare Pl.'s Resp. (Doc. 15) at 3–4[3], with Def.'s Br. in Support of Motion to Dismiss (Def.'s Br.") (Doc. 9) at 1–2.)

Although confusingly pled by Plaintiff, it appears Defendant was appointed by Banco Popular of Puerto Rico ("BPPR") to handle a mortgage modification involving Plaintiff's property

---

[3] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

in Puerto Rico, apparently as a part of a refinancing arrangement. (Compl. (Doc. 1) at 2, 9.) In anticipation of the closing, which took place on August 15, 2014, (Pl.'s Resp. (Doc. 15), Affidavit of Graciano Velez ("Velez Aff.") (Doc. 15-1) at 1), Plaintiff appointed an attorney-in-fact to represent him at the closing in Puerto Rico, (Pl.'s Resp. (Doc. 15) at 9–10). Plaintiff alleges that Defendant communicated from Puerto Rico with him in North Carolina about how to complete a power of attorney for the purpose of concluding the transaction. (Pl.'s Resp. (Doc. 15) at 4.)[4] That power of attorney was completed in Alamance County, North Carolina, and filed with the Alamance County Register of Deeds. (Id.) Plaintiff claims that Defendant's instructions on the power of attorney were "used to initiate the transaction," (id.), though there are no other facts alleged showing that Defendant solicited or initiated this

---

[4] Plaintiff is proceeding pro se. On occasion, Plaintiff appears to add facts that would be more appropriate in an affidavit than a brief. Whether Plaintiff provides facts in the form of a brief, complaint, or an affidavit, they are the Plaintiff's statements and will be considered by the court when determining the facts.

refinancing in any way.[5] In April 2017, almost three years after the transaction, Plaintiff initiated new correspondence with Defendant regarding Plaintiff's allegations as to discrepancies in the underlying transaction. (Velez Aff. (Doc 15-1) at 1.) These communications continued into 2018 and appear to discuss the same issues raised in this complaint. (Id. at 1–6.) Plaintiff's allegations as to the alleged wrongdoing by Defendant are not clearly pled, but it appears he alleges the following: that Defendant Colon violated the "Truth in Lending Act" by not ensuring a warning clause was included in the deed that alerted Plaintiff to his right to rescind the transaction. (Compl. (Doc. 1) at 6.) It appears this transaction was either a modification of a first mortgage or some other type transaction involving a consolidation of a first and second mortgage of a note or notes payable to BPPR on Plaintiff's real property located in Puerto Rico. (Id. at 9.) Plaintiff further alleges, in relation to that transaction, that Defendant failed to follow proper notary procedures under Puerto Rican law governing real estate closings, and that she continued to conceal "material

---

[5] In her reply brief, Defendant argues that she never solicited business in North Carolina, only that she provided instructions to assist Plaintiff with his business in Puerto Rico. (Doc. 16 at 4.) Plaintiff alleges no facts to dispute that claim.

facts" in the years that followed. (Id. at 6-7.) Plaintiff alleges he has suffered significant pecuniary loss as a result of Defendant Colon's "fraudulent concealment" of the right to rescind. (Id. at 6.)

II. **LEGAL STANDARD OR REVIEW**

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Such a challenge may be resolved by the court as a preliminary matter. Grayson, 816 F.3d. at 267. While this burden varies depending on the procedural posture of the case,

> when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge. When determining whether a plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff.

Id. at 268 (citations omitted). "A plaintiff makes a prima facie showing in this context when it 'present[s] evidence sufficient to defeat a motion for judgment as a matter of law.'" Debbie's

Staffing Servs., Inc. v. Highpoint Risk Servs., LLC, No. 1:17CV657, 2018 WL 1918603, at *2 (M.D.N.C. Apr. 20, 2018) (citations omitted).

"Where the defendant has provided evidence, however, that denies facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element that has been denied by the defendant and on which the defendant has presented evidence." Vogel v. Wolters Kluwer Health, Inc., 630 F. Supp. 2d 585, 594 (M.D.N.C. 2008); see also Wolf v. Richmond Cty. Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true." (internal quotation marks omitted)).

## III. **ANALYSIS**

A federal district court may only assert personal jurisdiction over a nonresident defendant when two conditions are satisfied: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport

with Fourteenth Amendment[6] due process requirements." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)d, is construed "to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. (citing Century Data Sys., Inc. v. McDonald, 109 N.C. App. 425, 427, 428 S.E.2d 190, 191 (1993)). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Christian Sci. Bd. of Dirs., 259 F.3d at 215 (quoting Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement, 326 U.S. 310, 316 (1945)).

Minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant may exist by virtue of either specific jurisdiction or general jurisdiction. See

---

[6] Plaintiff raises the unusual argument that citizens of Puerto Rico are not entitled to the protections of due process. (Pl.'s Resp. (Doc. 15) at 7-6.) In support of this contention, Plaintiff cites to Puerto Rico v. Sanchez Valle, ____ U.S. ____, ____, 136 S. Ct. 1863, 1868 (2016), a case that dealt only with issues of federal prosecution and double jeopardy and does not, therefore, support Plaintiff's assertion.

Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). Specific jurisdiction considers instances where the nonresident defendant's "contacts with the forum also provide the basis for the suit" whereas general jurisdiction considers instances where the defendant's contacts with the forum are so "continuous and systematic" as to provide support for jurisdiction over any cause of action. See id. (citation omitted). A defendant's conduct and connection to the forum must be "such that [it] should reasonably anticipate being haled into court there." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014).

When determining if a defendant may be subject to the court's specific personal jurisdiction,[7] "[f]airness is the touchstone of the jurisdictional inquiry," Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012), and a three-part test is employed to determine whether exercise of jurisdiction comports with due

---

[7] Since Defendant Colon is both a natural person and a resident of Puerto Rico, she can only be said to be "at home" in Puerto Rico. Therefore, she is not subject to general jurisdiction in North Carolina. See Woods Int'l, Inc. v. McRoy, 436 F. Supp. 2d 744, 748 (M.D.N.C. 2006) (finding that even pervasive electronic communication between an individual and a state cannot give rise to general jurisdiction) (citing ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 715 (4th Cir. 2002)).

process. This test requires analyzing: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, 293 F.3d at 712 (internal quotation marks omitted).

Mindful of its duty to construe liberally the pleadings of pro se litigants, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this court has reviewed all of the documents before it in considering personal jurisdiction in this case. This court ultimately finds that it does not have personal jurisdiction over the nonresident Defendant in this case since the basis for the suit is a dispute that occurred almost entirely within the Commonwealth of Puerto Rico.

### A. **Purposeful Availment**

"[I]n determining whether a foreign defendant has purposefully availed itself of the privilege of conducting business in a forum state, we ask whether 'the defendant's conduct and connection with the forum [s]tate are such that he should reasonably anticipate being haled into court there.'" Universal Leather, 773 F.3d at 559 (quoting Fed. Ins. Co. v.

Lake Shore Inc., 886 F.2d 654, 658 (4th Cir. 1989)). "The analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 279 n.5 (4th Cir. 2009) The Fourth Circuit has determined that "purposeful availment was lacking in cases in which the locus of the parties' interaction was overwhelmingly abroad." Tire Eng'g, 682 F.3d at 302. In Consulting Engr's, cited by the Tire Eng'g court, one of the nonresident defendants maintained no offices in the forum state, conducted no ongoing business, never made in-person contact with the plaintiffs, and the underlying business deal was centered outside the forum. Id. (citing Consulting Eng'rs, 561 F.3d at 279-82).

The case at bar shares almost all the same characteristics as the one in Consulting Engineers. Plaintiff does not allege that Defendant Colon ever came to North Carolina, nor does he allege that she ever met with him in person. Furthermore, Plaintiff alleges no facts showing that Defendant Colon carried on any other business in North Carolina. While Plaintiff makes the assertion that Defendant's activities were "used to initiate the transaction," (Pl.'s Resp. (Doc. 15) at 4), Plaintiff is clearly referring to the closing of the loan. That

"transaction," according to the complaint, was the final step in a refinancing transaction between BPPR and Plaintiff within which an original, first mortgage's note was modified in order to modify the underlying mortgage and perhaps pay off a second mortgage, although it appears Defendant may dispute whether the second mortgage should have been paid off. (Compl. (Doc. 1) at 9-10). Rather than Defendant "initiating a transaction" as alleged by Plaintiff, that phrase describes the alleged notary and legal services Defendant Colon provided both Plaintiff and the bank in concluding the transaction in which Plaintiff and BPPR engaged. Plaintiff makes no factual allegations that Defendant solicited him to refinance his property. (See generally Compl. (Doc. 1).) Plaintiff makes no allegations in any of his pleadings that Defendant or her employer, BPPR,[8] advertise or targeted Plaintiff or any other North Carolina

---

[8] Plaintiff never fully explains the relationship between BPPR and Defendant. However, Plaintiff attached to his proposed amended complaint a letter, written in Spanish, which is signed by Defendant on the letterhead of an independent law firm with no employer relationship to BPPR. (Amended Complaint (Doc. 23) Ex. C, Legal Correspondence (Doc. 23-1) at 5.) As noted earlier, the proposed amended complaint does not add to the issue of personal jurisdiction, but the letter does confirm that, consistent with the absence of allegations in the complaint, there is no basis upon which to consider BPPR's contacts with Plaintiff or this state in determining personal jurisdiction over the individual Defendant.

residents. Finally, the transaction was centered in Puerto Rico, the situs of Plaintiff's real property. Though Defendant provided ancillary support services in the form of advising Plaintiff about his need to execute a power of attorney, that is not the relevant transaction to Plaintiff's claim, though it enabled the allegedly fraudulent activity. All of these facts are not in dispute, and these facts point to the conclusion that Defendant Colon did not purposefully avail herself of the laws of North Carolina. Defendant Colon's contact with North Carolina was random and fortuitous, as Defendant was assigned by BPPR, a bank in Puerto Rico, to handle a loan closing involving real estate in Puerto Rico owned by an individual in North Carolina.

**B. <u>Claims Arising out of Activity in the State</u>**

To satisfy the second prong in the specific jurisdiction analysis, plaintiffs must allege facts showing that their claim arose out of the defendant's activities directed at the forum state. <u>Tire Eng'g</u>, 682 F.3d at 303. If the activity in the forum state is the "genesis of the dispute," then the prong is met. <u>Id.</u> The appropriate question, however, "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." <u>Walden v. Fiore</u>, 571 U.S. 277, 290 (2014). "The

Supreme Court has also characterized the arising-out-of prong as akin to proximate causation." Broadus v. Delta Air Lines, Inc., 101 F. Supp. 3d 554, 560-61 (M.D.N.C. 2015) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

Here, it cannot be said that Defendant Colon is connected to North Carolina in any significant way, nor did any of the actions Plaintiff alleges to have caused harm occur in North Carolina, even though they may have been felt by Plaintiff in North Carolina. Plaintiff fails to allege any connection between Defendant and North Carolina other than her guidance to Plaintiff about how to complete a power of attorney. Plaintiff clearly alleges the complained of transaction arises out of a refinancing transaction involving a bank in Puerto Rico and real property in Puerto Rico. With respect to North Carolina, Plaintiff alleges that he lives in North Carolina. Other than the fact he lives in North Carolina, the complaint itself is vague as to what actions, if any, might have been conducted in North Carolina. However, Plaintiff provides additional details in both his response to the motion to dismiss and an affidavit. (Pl.'s Resp. (Doc. 15); Velez Aff. (Doc. 15-1).) Plaintiff appointed an attorney-in-fact to represent him at the closing in Puerto Rico. (Compl. (Doc. 1) at 9.) Plaintiff alleges that

Defendant Colon communicated from Puerto Rico with him in North Carolina about how to complete a power of attorney for the purpose of concluding the transaction. (Pl.'s Resp. (Doc. 15) at 4.) That power of attorney was completed in Alamance County, North Carolina, and filed with the Alamance County Register of Deeds. (Id.)[9]

Significantly, Plaintiff alleges, and it is not disputed, that the modification of the mortgage note was "executed through a Power of Attorney granted to Attorney Elixavier Rivera Santiago." (Compl. (Doc. 1) at 9.) "The documents were signed by Plaintiff's Attorney-in-fact in the presence of Defendant." (Id. at 10.) Contrary to Plaintiff's suggestion that this claim arises out of Defendant's contacts with this state, it is clear that any alleged claim arises out of Plaintiff's contacts with Puerto Rico. By signing a power of attorney and sending the attorney-in-fact to Defendant's office in Puerto Rico to handle the closing on behalf of Plaintiff, Plaintiff appeared in Puerto Rico through his agent and any failure to disclose a right of rescission as required by 15 U.S.C. § 1635 occurred in Puerto Rico at the closing. Defendant was connected to the state of

---

[9] Plaintiff alleges no irregularities as to the creation of the power of attorney or the activities of the attorney-in-fact.

North Carolina only because Plaintiff resides in this state and sought to conclude a transaction with BPPR. Though the execution of the power of attorney in North Carolina enabled that transaction, it is not its genesis. The power of attorney enabled Plaintiff, through his duly designated agent, to appear in Puerto Rico to conduct the closing on his behalf.

Finally, this court does not find Plaintiff and Defendant's communications occurring in 2017, three years after the closing, to affect this jurisdictional analysis. Plaintiff directed these communications to Puerto Rico. Given the nature of the allegations, Defendant responded to the allegations. All of the communications were conducted by email. Other than responding to the allegations, Defendant made no effort to avail herself of doing business in this state.

To conclude using language from the Supreme Court in Walden v. Fiore,

> Petitioner's actions in [Puerto Rico] did not create
> sufficient contacts with [North Carolina] simply
> because [she] allegedly directed [her] conduct at
> [Plaintiff] whom [she] knew had [North Carolina]
> connections. Such reasoning improperly attributes a
> plaintiff's forum connections to the defendant and
> makes those connections "decisive" in the
> jurisdictional analysis. It also obscures the reality
> that none of petitioner's challenged conduct had
> anything to do with [North Carolina] itself.

Fiore, 571 U.S. at 289.

For these reasons, Plaintiff's cause of action cannot be said to arise out of Defendant's connections to the state.

C.  **Constitutional Reasonableness**

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co., 326 U.S. at 320). Even though this court readily concludes that Defendant Colon does not have the essential minimum contacts to be subjected to personal jurisdiction in this state, it will briefly address the "fair play" factors since they are implicated by the Plaintiff's briefing.

The "Constitutional Reasonableness" part "of the analysis ensures that litigation is not so gravely difficult and inconvenient as to place the defendant at a severe disadvantage in comparison to his opponent." Tire Eng'g, 682 F.3d at 303 (internal quotation marks and citation omitted). In making this determination, the court has considered:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the

shared interest of the states in obtaining efficient
resolution of disputes; and (5) the interests of the
states in furthering substantive social policies.

Consulting Eng'rs, 561 F.3d at 279.

In the case at bar, almost all the factors point to the constitutional unreasonableness of North Carolina serving as the forum. First, the burden on Defendant Colon coming from Puerto Rico to litigate in North Carolina are presumably substantial. Second, North Carolina does have an interest in seeing its plaintiffs vindicated, but there is no reason to think Plaintiff in this case cannot seek vindication in a Puerto Rican district court. Plaintiff's implausible allegations about unspoken rules in the Bar of Puerto Rico are absurd. Third, the Plaintiff in this case would have a more convenient time litigating only miles from his home, but all the material evidence and witnesses are located in Puerto Rico. Fourth, this dispute will likely be more easily resolved in Puerto Rico's courts since Puerto Rican law governs, the evidence is in Puerto Rico, and all the witnesses are located there as well. The final element has not been argued by either party and is not readily analyzed from the face of the pleadings

## IV. CONCLUSION

In conclusion, Plaintiff has not alleged facts establishing a prima facie showing that this court has personal jurisdiction over Defendant. All the factors point to the conclusion that haling Defendant Colon into a North Carolina court would violate the Due Process Clause of the Federal Constitution and the North Carolina long-arm statute; Defendant Colon could not reasonably foresee having to defend herself in this state by virtue of her limited assistance to Plaintiff in executing a power of attorney. To hold otherwise would be deeply unfair, and "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g, 682 F.3d at 301.

For the foregoing reasons, this court finds that Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) should be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and/or Motion to Transfer Venue under 28 U.S.C. § 1406(a), (Doc. 8), is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Respond to Defendant's Reply, (Doc. 17); Motion for

Leave to File a Sur-Reply, (Doc. 21); and Motion to Leave to File an Amended Complaint, (Doc. 29), are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply, (Doc. 18), and Motion to Strike Plaintiff's Amended Complaint, (Doc. 24), are **DENIED AS MOOT.**

A judgment consistent with Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 30th day of September, 2019.

/s/ William L. Osteen, Jr.
United States District Judge